UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| AVX CORPORATION, | Civil Action No.: 4:07-cv-3299-TLW-TER |
| Plaintiff, | |
| -vs- | |
| | **REPORT AND RECOMMENDATION** |
| HORRY LAND COMPANY, INC. and UNITED STATES, | |
| Defendants. | |

## I. INTRODUCTION

In this case, AVX seeks to recover certain response costs associated with the release and threatened release of hazardous substances pursuant to the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), 42 U.S.C. §§ 9601, et. seq. and for a declaration of liability under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. AVX has filed a Motion to Amend its Complaint (Document # 36) to add several Defendants to seek a declaration that they are not entitled to recover any alleged property damages from AVX. Hearings were held on March 4, 2009, and March 26, 2009. During the hearing on March 26, 2009, the undersigned stated "I think I am going to deny the Motion to Amend to add Chestnut and Nance as parties to this case. I will file a written order." Out of an abundance of caution, the undersigned enters this Report and Recommendation under 28 U.S.C. § 636(b)(1)(B) in light of the dispositive determination subsumed within the finding that allowing AVX to amend its Complaint would be futile.

## II. PROCEDURAL HISTORY

AVX filed this case on October 2, 2007. Clint Chestnut, Rebatt Frankie Jefford, Mary Lou

Nance, Margaret Ramsey, and Nicholas Ramsey filed a separate action ("the Chestnut case") against AVX in the South Carolina Court of Common Pleas, Horry County, on November 28, 2007, on behalf of themselves and a purported class of property owners, asserting claims of negligence, nuisance, trespass and strict liability related to alleged contamination of their land as a result of AVX's alleged release of hazardous substances. AVX removed the case to this Court on December 27, 2007, arguing that the claims were preempted by CERCLA and that removal was proper based upon the principles of judicial economy. AVX filed its Answer and a counterclaim seeking a declaratory judgment that it was not liable for the plaintiffs' alleged damages.

John H. Nance and JDS Development of Myrtle Beach filed an action ("the Nance case") against AVX in the South Carolina Court of Common Pleas, Horry County, on January 16, 2008, asserting claims of negligence, nuisance, trespass and strict liability. AVX removed the case to this Court on February 13, 2008, again preemption under CERCLA and judicial economy. AVX filed its Answer and a counterclaim seeking a declaratory judgment that it was not liable for the plaintiffs' alleged damages.

After removal, AVX moved to consolidate the Chestnut case and the Nance case with the present case. Plaintiffs in the Chestnut case and the Nance case moved to remand the cases back to state court. The undersigned entered orders in the Chestnut case and the Nance case finding that this Court did not have exclusive jurisdiction pursuant to CERCLA over the plaintiffs' claims and that this Court lacked jurisdiction and remanded the cases to the state court. Because this Court lacks jurisdiction over those cases, the undersigned did not reach AVX's motions to consolidate.

In its Motion to Amend, AVX seeks to add Clint Chestnut, Rebatt Frankie Jefford, Mary Lou Nance, Margaret Ramsey, Nicholas Ramsey, JDS Development of Myrtle Beach, Inc. and John H.

Nance, the plaintiffs in the Chestnut and Nance cases, as Defendants in this action. AVX also moves to add the same claims for declaratory judgment relief that are pending as counterclaims in the Chestnut and Nance cases.

## III. DISCUSSION

AVX argues that the Defendants it seeks to add are necessary parties and that adding them would not prejudice either them or Horry Land Company.

Rule 19(a) of the Federal Rules of Civil Procedure provides for joinder of indispensable parties. It states:

> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject matter of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

To determine whether parties should be joined under Rule 19, a court should determine whether the party is necessary. See American Gen. Life and Acc. Ins. Co. v. Wood, 429 F.3d 83, 92 (4th Cir.2005). The defendants AVX seeks to add are not necessary parties to this action.

AVX sets forth the nature of the present action in its Complaint[1] (Document # 1):

> AVX brings this action under Section 107 of the Federal Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), as amended, 42 U.S.C. § 9607, to recover certain response costs associated with releases and threatened releases of hazardous substances at property owned by the

---

[1]An Amended Complaint (Document # 65) has been filed, adding the United States as a party.

defendant Horry Land Company, Inc., an approximately twenty-seven (27) acre tract of land in Myrtle Beach, Horry County, South Carolina ("the Property") adjacent to property owned by AVX. AVX also seeks an allocation of future response costs under 42 U.S.C. § 9613, and a declaration, pursuant to 28 U.S.C. §§ 2201 and 2202, that the defendant is liable under CERCLA and not entitled to recover response costs from AVX. In addition, AVX seeks a declaration, pursuant to 28 U.S.C. §§ 2201 and 2202, that the defendant is not entitled to recover alleged property damages from AVX.

Complaint at p. 1. Horry Land Company asserts counterclaims against AVX for negligence, negligence per se, strict liability, nuisance and trespass.

The proposed new defendants have set forth various tort claims against AVX in their state court cases relating to alleged contamination of their land as a result of AVX's alleged release trichloroethylene. The disposition of this case would not impair or impede the proposed new defendants' ability to protect their interest (i.e., the pursuit of their tort claims). Regardless of whether Horry Land Company is found to be responsible for certain response costs under CERCLA for the clean up of contamination on its own land or whether the court issues a declaration that AVX is not liable to Horry Land Company for its alleged damages, the proposed new defendants would still be able to pursue their tort claims against AVX.

Additionally, the disposition of this case would not leave AVX or Horry Land Company subject to a substantial risk of multiple and/or inconsistent obligations.[2] The District Court for the Eastern District of Virginia explains the difference between inconsistent obligations and inconsistent adjudications:

> The term "inconsistent obligations" does not mean "any inconsistency," and in that regard other circuits have recognized a distinction between inconsistent obligations

---

[2] AVX does not argue that in the absence of the proposed new defendants, the court could not accord complete relief among existing parties as set forth in Rule 19(a)(1)(A).

and inconsistent adjudications. Inconsistent obligations arise only when a party to the case risks facing conflicting judgments, so that compliance with one would conflict with the other. Inconsistent adjudications, on the other hand, are those in which a party might prevail on one theory of liability in one case, and then fail on that same theory, and even on the same or similar facts, in another case against another party; while inconsistent as a matter of logic, these judgments would not necessarily subject the party to inconsistent legal obligations.

Southern Co. Energy Marketing, L.P. v. Virginia Elec. and Power Co., 190 F.R.D. 182, 186 (E.D.Va. 1999) (citing Delgado v. Plaza Las Americas, Inc., 139 F.3d 1, 3 (1st Cir.1998); Field v. Volkswagenwerk AG, 626 F.2d 293, 301 (3d Cir.1980)) (footnotes omitted). See also RPR & Associates v. O'Brien/Atkins Associates, P.A., 921 F.Supp. 1457, 1464 (M.D.N.C.1995) (" Rule 19(a)(2)(ii) protects against obligations that are inconsistent rather than adjudications that are inconsistent"), aff'd, 103 F.3d 120 (4th Cir.1996); 4 Moore's Federal Practice § 19.03[4][d] (3d ed.1999) ("One plaintiff may lose, and yet a later plaintiff may win on precisely the same theory. Although the results are inconsistent, the defendant's obligations are not. Put simply, having to write a check to one claimant and not to another is not the sort of inconsistent obligation {Rule 19(a)(1)(B)(ii)] addresses....").

AVX argues generally that "if these parties are not added as defendants in this matter, AVX will be forced to litigate these related issues and facts in three separate proceedings in two forums, potentially resulting in inconsistent obligations or judgments." Memo. in Support of Supplemental Motion to Amend Complaint (Document # 26-2) at 6. However, Plaintiff fails to provide the court with any scenario under which it would be unable to comply with one court's order without breaching another court's order concerning the same incident. Therefore, the proposed new defendants are not necessary under Rule 19(a)(1)(B)(ii).

For the reasons stated above, the proposed new defendants are not necessary parties under

Rule 19. However, Rule 15(a) provides that leave to amend a complaint should be "freely given when justice so requires." "The law is well-settled 'that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir.1999)(citing Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) and quoting Johnson v. Oroweat Foods Co., 785 F.2d 503,509-10 (4th Cir.1986)). Thus, AVX should be allowed to amend its Complaint to add the proposed new defendants, even though they are not necessary parties, unless allowing the amendment would be prejudicial to the opposing party, there has been bad faith on the part of AVX or the amendment would be futile.

Horry Land Company argues that it would be prejudiced for numerous reasons if AVX was allowed to amend its Complaint. However, the undersigned finds that it is unnecessary to reach the issue of prejudice because allowing the amendment would be futile.

For a motion to amend to be denied for futility, the amendment must be "clearly insufficient or frivolous on its face." Oroweat Foods Co., 785 F.2d at 510-511; see also Rambus, Inc. v. Infineon Technologies, AG, 304 F.Supp.2d 812, 819 (E.D.Va.2004) ("Courts generally favor the 'resolution of cases on their merits' ... [t]hus the substantive merits of a proposed claim [or defense] are typically best left for later resolution, e.g., motions to dismiss or for summary judgment, ..., or for resolution at trial.") (quoting Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir.1980)); see also Robinson v. GEO Licensing Co., L.L.C., 173 F.Supp.2d 419, 423 (D.Md.2001).

AVX seeks to amend its Complaint to seek a declaratory judgment against the proposed new defendants that their "properties have not been damaged as alleged by the defendants, that the properties can be remediated, and that the defendants are not entitled to any recovery from AVX"

under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Proposed Amended Complaint ¶ 60 (attached to Document # 26). It is well-settled that the Declaratory Judgment Act does not create or expand the jurisdiction of district courts. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671-72, 70 S.Ct. 876, 94 L.Ed. 1194 (1950). See also Concerned Citizens of Cohocton Valley, Inc. v. New York State Dep't of Envtl. Conservation, 127 F.3d 201, 206 (2d Cir.1997) (stating that the Declaratory Judgment Act "does not enlarge the jurisdiction of the federal courts" and that "a declaratory judgment action must therefore have an independent basis for subject matter jurisdiction"); Gibraltar, P.R., Inc. v. Otoki Group, Inc., 104 F.3d 616, 619 (4th Cir.1997) (explaining that the Declaratory Judgment Act "does not provide a source of jurisdiction which is independent of substantive federal law") (citing Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 16-17 n. 14, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). AVX does not assert that this court has diversity or federal question jurisdiction over the proposed new claim. Rather, AVX asserts that this court has supplemental jurisdiction over the declaratory judgment claim pursuant to 28 U.S.C. § 1367. Proposed Amended Complaint ¶ 61. The undersigned disagrees and, thus, allowing the proposed amendment would be futile because this court does not have supplemental jurisdiction over the claims AVX seeks to add.

Section 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The Supreme Court of the United States has construed the 1367(a) language to mean that state and federal claims must derive from a common nucleus of operative fact. United Mine Workers of

America v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

AVX brings its claims against Horry Land Company pursuant to CERCLA. Thus, this court has jurisdiction over those claims pursuant to 28 U.S.C. § 1331. AVX alleges that the presence of acetone, cis-1,2-dichloroethene, trans-1,2-dichloroethene, trichloroethene ("TCE"), benzene, toluene, methylene chloride, 2-butanone and carbon disulfide, hazardous substances as defined by Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), has been detected on property owned by Horry Land Company. Amended Complaint ¶¶ 12, 23. It further alleges that the presence of these hazardous substances has caused AVX to incur the costs of investigation, removal and/or remedial action and response costs, as defined in Sections 101(23), (24) & (25) of CERCLA, 42 U.S.C. §§ 9601(23), (24) & (25). Id. at ¶ 26. AVX asserts that Horry Land Company, as the current owner of this property, is jointly and severally liable for all of AVX's response costs at the Horry Land Property pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Id. at ¶ 29.

AVX seeks to add a claim for a judicial declaration that the properties owned by the proposed new defendants have not been damaged as alleged by the defendants, that the properties can be remediated, and that the defendants are not entitled to any recovery from AVX. These proposed new defendants allege (in their state court actions) that their properties have been contaminated by AVX's use of the chemical trichloroethylene and that they are no longer able to sell or enjoy their properties and that their properties had become distressed so that the properties were worthless, and that the properties had been damaged and devalued in such a way that the defendants were obligated to disclose the condition of the properties to prospective purchasers. Proposed Amended Complaint ¶¶ 56, 58.

AVX asserts in its Reply that the claims it seeks to add are related to the present claims

because they both involve alleged environmental contamination near the Myrtle Beach Air Force Base. Reply at 2. Although AVX's claims against Horry Land Company and its proposed claims against the proposed new defendants both involve the issue of contamination, based on the allegations found in the claims presented and the record before the court, it appears that the type and source of alleged contamination is substantially different and the claims clearly involve separate properties. The burden of establishing that a federal court has jurisdiction rests upon the party asserting the claim. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182-83, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). While potentially similar in part, AVX has failed to show that these claims arise out of a common nucleus of operative fact such that AVX would ordinarily be expected to try them all in one judicial proceeding. See Gibbs, 383 U.S. at 725. Therefore, because AVX has failed to meet its burden of showing this court has supplemental jurisdiction over the claims it seeks to add, allowing it to add those claims would be futile.

Further, even assuming this court would have jurisdiction over the proposed new claims, AVX has already asserted the same declaratory judgment claims as counterclaims in the state cases filed by the proposed new defendants. Thus, the claims AVX seeks to add are already pending in other cases and can be fully adjudicated in those cases.

Under the Declaratory Judgment Act, federal courts have discretion in deciding whether to hear a declaratory action. 28 U.S.C. § 2201 ("In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." (emphasis added)); see also A.L. Mechling Barge Lines, Inc. v. United States, 368 U.S. 324, 331, 82 S.Ct. 337, 341, 7 L.Ed.2d 317 (1961); 10A Charles A. Wright et al., Federal

Practice and Procedure § 2759 (2d ed. 1983). "When a related state court proceeding is pending . . . considerations of federalism, efficiency, and comity should inform the district court's decision whether to exercise jurisdiction over a declaratory judgment action." Penn-America Ins. Co. v. Coffey, 368 F.3d 409, 412 (4th Cir.2004). To determine whether to proceed with a federal declaratory judgment action when a related state court proceeding is underway, the Fourth Circuit has focused on the following four factors for guiding the analysis: (1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state courts could resolve the issues more efficiently than the federal courts; (3) whether the presence of "overlapping issues of fact or law" might create unnecessary "entanglement" between the state and federal courts; and (4) whether the federal action is mere "procedural fencing," in the sense that the action is merely the product of forum-shopping. Id. at 412 (internal citations omitted); see also Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 377 (4th Cir.1994).[3]

Tranditional notions of federalism and comity would compel this Court to abstain from exercising jurisdiction over the claims AVX seeks to add. Because the declaratory judgment claims AVX seeks to add in this action are already pending as counterclaims in the state court actions, allowing AVX to assert them in this case would cause unnecessary entanglement between this court and the state court. Accordingly, because it would be inappropriate to exercise jurisdiction over the claims AVX seeks to add, allowing AVX to add those claims would be futile.

---

[3] Nautilus has been overruled in part, see Wilton v. Seven Falls Co., 515 U.S. 277 (1995), but the factors listed above remain applicable. See Penn-America, 368 F.3d at 412.

## IV.    CONCLUSION

For the reasons stated above, it is recommended that AVX's Motion to Amend its Complaint (Document # 36) be denied.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

June 25, 2010
Florence, South Carolina